Lilibeth R. TAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5545.

Court of Appeals of Alaska.

July 28, 1995.

Allan R. Thielen, Asst. Public Defender, Kodiak, and John B. Salemi, Public Defender, Anchorage, for appellant.

Stephen B. Wallace, Dist. Atty., Kodiak, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Lilibeth R. Tan appeals the superior court's rejection of her attempt to peremptorily challenge Superior Court Judge Donald D. Hopwood. For the reasons explained below, we vacate the superior court's ruling and remand this case to the superior court for further proceedings.

On June 30, 1994, Tan was charged with four felonies. The superior court appointed the Public Defender Agency to represent her. In late August, Tan and the State reached a plea agreement resolving the case. Under this plea bargain, Tan agreed to waive her right to grand jury indictment and to plead no contest to falsifying business records, AS 11.46.630(a)(1); in return, the State would dismiss the other charges.

Having reached this plea agreement with the State, Tan's attorney filed a pleading in the superior court entitled "Request for Calendar Setting". Tan's pleading (which was prepared on a pretyped or computerized form) stated that Tan's attorney "hereby request(s) a time on the Court's calendar for the purpose of *change of plea sentencing; waiver of grand jury before the first avail-*

*able Anchorage Superior Court judge*". (Words in normal type are part of the form document; words in italics are additions by Tan's attorney.) This "Request for Calendar Setting" was filed on August 30, 1994.

Two days later, on the afternoon of September 1, 1994, Tan appeared in front of Kodiak Superior Court Judge Donald D. Hopwood to sign the waiver of indictment and to plead no contest to the charge of falsifying business records. Judge Hopwood accepted Tan's waiver of indictment and then accepted her no contest plea. The judge scheduled Tan's sentencing hearing for December 6, 1994.

On September 6, 1994 (five days after the change-of-plea hearing), Tan's attorney filed a pleading entitled "Notice of Change of Judge (Peremptory Challenge)". In this pleading, Tan's attorney attempted to challenge Judge Hopwood under Alaska Criminal Rule 25(d). This pleading (like the earlier "Request for Calendar Setting") was prepared on a pretyped or computerized form. This form contains space in the middle of the page for the screening recommendation of either a clerk or a judge, and then an additional space (lower on the page) for a judicial ruling on the peremptory challenge. To understand the ensuing procedural history of this case, it is helpful to see the layout of this form and how it was filled in by Tan's attorney, by Judge Hopwood, and by Anchorage Superior Court Judge Karl S. Johnstone, the presiding judge for the Third Judicial District.

(In the document that follows, most of the text is preprinted. The bold text in the top half of the page represents the words typed onto the form by Tan's attorney. The italicized, small-capital text in the bottom half of the page represents the words handwritten by Judge Hopwood and Judge Johnstone.)

## EXHIBIT
IN THE ~~DISTRICT~~ / SUPERIOR COURT FOR THE STATE OF ALASKA
### AT Kodiak

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3KO-S94-327 CR |
| | ) | |
| LILIBETH TAN, | ) | |
| | ) | NOTICE OF CHANGE OF JUDGE |
| Defendant. | ) | (Peremptory Challenge) |
| | ) | |

Pursuant to Civil Rule 42(c) / Criminal Rule 25(d), **Lilibeth Tan,** ~~plaintiff~~ / defendant, hereby peremptorily challenges the judge assigned to this case, Judge **Donald D. Hopwood.** Names and addresses of all parties in this case are (attach additional sheet if necessary):

[Prosecutor]                          [Defense Attorney]

I certify that a copy of this notice has been sent to each of the parties listed above.

9-6-94                                    /s/ **Allan R. Thielen**

---

### FOR COURT USE ONLY

Notice is ☐ timely.  ☐ not timely.  *PEREMPTORY WAIVED. DEF. COMPLETED A WAIVER OF INDICTMENT AND COP BEFORE JUDGE HOPWOOD ON 1 SEPT. 94. CRIM. R. 25(D)(5).*

A peremptory challenge ☐ has ☒ has not  previously been filed by
☐ plaintiffs.  ☒ defendants.

*6 SEPTEMBER 1994*              /s/ *DONALD D. HOPWOOD*
                                              ~~Clerk~~ / Judge

---

### ORDER

☐  This case is reassigned to Judge _____.
☒  This Notice of Change of Judge is not approved because
    ☐  It is not timely.
    ☒  Other: *SEE ABOVE BY JUDGE HOPWOOD.*

*9/30/94*                            /s/ *KARL JOHNSTONE*
                                          Judge / ~~Clerk~~

– 4 –

From the wording of this document, it appears that Judge Johnstone was the judicial officer who actually issued the ruling on Tan's attempted peremptory challenge. It further appears that Judge Johnstone's decision to deny the peremptory challenge was based on Judge Hopwood's assertion (in the middle portion of the document) that Tan had waived her right to peremptorily challenge him by participating in the change-of-plea hearing in front of him on September 1st. *See* Alaska Criminal Rule 25(d)(5).[1]

Finally, again referring to the document, it also appears that, after Judge Hopwood made his recommendation on the peremptory challenge issue on September 6th, the document was sent directly to Judge Johnstone in Anchorage. Judge Johnstone issued his ruling on September 30th, and the clerk's certificate declares that the completed document was sent to the parties on October 6, 1994. This was apparently Tan's first notification that her peremptory challenge had been denied.

On October 14, Tan filed a motion asking the superior court to reconsider its ruling. In the accompanying memorandum and affidavit of counsel, Tan's attorney asserted that he had delayed filing the peremptory challenge and had consented to have Judge Hopwood preside over the change-of-plea hearing only because he had been told by the Kodiak Clerk of Court that this would be all right. Tan's attorney declared:

> On the morning of September 1, 1994, counsel for the defendant had a telephonic conference with the Clerk of Court in Kodiak[,] and she stated that, following conversations with ... Judge Donald D. Hopwood, the change of plea would occur before Judge Hopwood and the defendant would then be free to subsequently file a Notice of Peremptory Challenge pursuant to Alaska Criminal Rule 25(d). ... [T]he Clerk of Court represented to counsel [that] Judge Hopwood would conduct the change of plea[,] with the court later as-

signing another superior court judge to conduct the sentencing hearing [after the defendant filed] the court form for peremptory challenge.

Judge Johnstone denied Tan's motion for reconsideration without comment. Tan now appeals the superior court's ruling.

Tan first argues that her "Request for Calendar Setting", filed on August 30th, was in fact a peremptory challenge of Judge Hopwood and that therefore Judge Hopwood was disqualified from her case even before the September 1st change-of-plea hearing. Tan points out that, in the "Request for Calendar Setting", her attorney specified that he wanted the waiver-of-indictment/change-of-plea hearing set "before the first available Anchorage Superior Court judge". Tan asserts that, because Judge Hopwood is the sole resident superior court judge in Kodiak, her specific request for an Anchorage judge was the functional equivalent of a peremptory challenge of Judge Hopwood.

■ We do not agree. Criminal Rule 25(d)(2) specifies that a party wishing to exercise the right of peremptory challenge must file a "Notice of Change of Judge" that specifies "the name of the judge to be changed". Tan's "Request for Calendar Setting" did not meet these requirements. Had Tan wished to challenge Judge Hopwood when she asked the superior court to set a date for her change-of-plea hearing, she easily could have filed an additional pleading that met the requirements of Criminal Rule 25(d)(2). The superior court did not abuse its discretion when it rejected Tan's argument that the "Request for Calendar Setting" constituted a peremptory challenge.

Tan next argues that, even if her "Request for Calendar Setting" does not qualify as a peremptory challenge, the superior court should have honored her September 6th pleading entitled "Notice of Change of Judge" (which specifies Judge Hopwood as the judge to be changed). The apparent obstacle to this argument is the fact that, by

---

1. Criminal Rule 25(d)(5) provides, in pertinent part:

    *Waiver.* A party loses the right under this rule to change a judge when the party, after reasonable opportunity to consult with coun-

sel, ... [and] knowing that the judge has been permanently assigned to the case, participates before the judge in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial.

the time Tan filed her "Notice of Change of Judge" on September 6th, she had already appeared at a change-of-plea hearing in front of Judge Hopwood.

■ Criminal Rule 25(d)(5) prohibits a litigant from challenging a judge if the litigant, "knowing that the judge has been permanently assigned to the case, participates before the judge in . . . a hearing under [Criminal] Rule 11"—that is, a change-of-plea hearing. As described above, Tan contends that Rule 25(d)(5) should not bar her challenge to Judge Hopwood because the Kodiak Clerk of Court assured her that she would still be able to challenge Judge Hopwood even after Judge Hopwood presided over her change-of-plea hearing.

Tan's attorney's affidavit is somewhat ambiguous as to the precise factual claim being raised. The attorney's affidavit might alternatively be construed to assert: (A) that the clerk told him that Judge Hopwood was not permanently assigned to the case—that Judge Hopwood's assignment was for the limited purpose of accepting Tan's change of plea, or (B) that the clerk assured him that, even though Judge Hopwood was permanently assigned to the case, Tan could participate in the change-of-plea hearing in front of Judge Hopwood and her attorney would still have five days to file the peremptory challenge.

■ Whichever claim Tan is pursuing, it is clear that this claim has not yet been fully litigated. Tan's attorney raised these arguments in his affidavit supporting Tan's motion for reconsideration. There has never been a hearing on the attorney's factual assertions. When Judge Johnstone denied Tan's motion for reconsideration, he implicitly ruled that Tan was not entitled to relief even if her attorney's assertions were true. But if the attorney's assertions are true, then Tan may not have waived her challenge to Judge Hopwood when she appeared in front of him for the change-of-plea hearing (if her attorney was told that Judge Hopwood was not permanently assigned to the case). Alternatively, Tan might be entitled to relaxation of Criminal Rule 25(d)(5) under the provisions of Criminal Rule 53.[2] We therefore remand this case to the superior court so that the court can hold a hearing on the credibility and legal effect of the assertions in Tan's attorney's affidavit.

The superior court's order denying Tan's peremptory challenge of Judge Hopwood is VACATED and this case is REMANDED to the superior court for further proceedings consistent with this opinion.

2. Criminal Rule 53 provides, "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice."